**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SERVPRO FRANCHISOR, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. _____ |
| | ) | |
| **BURYCHKA ENTERPRISES, LLC,** | ) | |
| **BURYCHKA DRT, LLC,** | ) | |
| **DARREN BURYCHKA and** | ) | |
| **TIFFINNIE BURYCHKA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT FOR DAMAGES AND FOR DECLARATORY
## AND INJUNCTIVE RELIEF

---

Comes now the Plaintiff, Servpro Franchisor, LLC, and states for its Complaint against Defendants Burychka Enterprises, LLC, Burychka DRT, LLC, Darren Burychka and Tiffinnie Burychka (collectively, the "Defendants") as follows:

### PARTIES

1.     Plaintiff Servpro Franchisor, LLC ("Servpro Franchisor," "Franchisor" or "Plaintiff") is a Delaware limited liability company with its principal place of business in Gallatin, Sumner County, Tennessee.

2.     Defendant Burychka Enterprises, LLC ("Burychka Enterprises") is a limited liability company formed under the laws of the state of Louisiana with its principal address at 11923 Cloverland Avenue, Baton Rouge, Louisiana 70809. Burychka Enterprises previously conducted business in the state of Louisiana under franchise licenses using the following business names: "SERVPRO® of Downtown Baton Rouge/Team Burychka," "SERVPRO® of East Baton

Rouge" and "SERVPRO® of Ascension Parish."   On information and belief, the sole owner/manager of Burychka Enterprises is Darren Burychka.[1]

3.      Defendant Burychka DRT, LLC ("Burychka DRT") is a Louisiana limited liability company with its principal address at 11923 Cloverland Avenue, Baton Rouge, Louisiana 70809 and having a mailing address in Biloxi, Mississippi.   Burychka DRT previously conducted business in the state of Mississippi under three separate franchise licenses using the following business names: "SERVPRO® of Biloxi and Ocean Springs;" "SERVPRO® of Pascagoula," and "SERVPRO® of Gulfport."  On information and belief, the sole owner/manager of Burychka DRT is Darren Burychka.  According to the website of the Louisiana Secretary of State as of the date of the filing of this Complaint, Burychka DRE is "Not in Good Standing for failure to file Annual Report."

4.      Collectively, Burychka Enterprises and Burychka DRT are referred to as "Former Operators" or "Former Franchisees."

5.      Defendant Darren Burychka ("Burychka" or "Guarantor") is a citizen and resident of the state of Louisiana.  At all times relevant to this Lawsuit, Burychka owned and operated Burychka Enterprises and Burychka DRT.  Defendant Tiffinnie Burychka, on information and belief, is a citizen and resident of the state of Louisiana, is the spouse of Darren Burychka, and has executed guaranty agreements as referenced below.

---

[1]  Plaintiff acknowledges that certain exhibits to this Complaint refer to the owner/operator of the franchise called "SERVPRO® of Downtown Baton Rouge/Team Burychka" as Burychka Enterprises, Inc., which at one time was a Louisiana corporation run by Darren Burychka and his parents.  The website of the Louisiana Secretary of State reflect that Burychka Enterprises, Inc. changed its name to Burychka Enterprises, LLC prior to December 2022.  It is Plaintiff's understanding and belief that the three Louisiana franchises have been operated by Burychka Enterprises, LLC throughout the course of the business relationship described in this Complaint.

## JURISDICTION AND VENUE

6.     Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

7.     Certain of the causes of action set forth herein arise under the Lanham Act. Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.  The Court has supplemental jurisdiction over certain causes of action pursuant to 28 U.S.C. § 1367.  This action also arises under the federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

8.     This Court has personal jurisdiction over the Defendants pursuant to Tennessee long-arm statutes, Tenn. Code Ann. Sections 20-2-201 *et seq*.; the Defendants' numerous contacts with the State of Tennessee and this judicial district over the course of the former franchise relationship, the conduct of business in this District and the events giving rise to Plaintiff's claims occurred in this District; and written agreements executed by the Defendants.

9.     Venue is proper in this Court pursuant to Tennessee law and written agreements executed by the Defendants.  This dispute is governed by the law of Tennessee.

## FACTUAL BACKGROUND

10.     Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

11.     Servpro Franchisor is a franchisor of cleaning and damage restoration businesses. Servpro Franchisor and its predecessors, including Servpro Industries, LLC and Servpro Industries, Inc., have operated the SERVPRO® franchise system since 1969.  Servpro Franchisor currently has over 2,200 franchises in the United States, operating under the SERVPRO® trademarks (the "SERVPRO® Marks") and franchise system.   Servpro Franchisor provides a

franchise system for providing professional cleaning, including carpet, upholstery, drapery and wall cleaning, deodorizing, and fire, water, flood, and other damage restoration services and janitorial services in residences, offices, and other buildings (the "Servpro System"). Servpro Franchisor is in the business of granting non-exclusive franchises throughout the United States for the operation of cleaning and damage restoration businesses using the Servpro System. Franchisees are authorized to provide cleaning and damage restoration services according to Servpro Franchisor's standards using certain trademarks, trade names, systems, and proprietary information. Franchisees also receive training and access to specialized computer programs.

12. Servpro Franchisor is the owner of a number of trademarks and service marks that are registered on the Principal Register of the United States Patent and Trademark Office, which include the term "SERVPRO"; Registration No. 1,845,906 (standard characters); Registration No. 3,361,893 (standard characters); Registration No. 1,707,245 (SERVPRO and design); Registration No. 1,726,156 (SERVPRO and design); Registration No. 3,368,163 (SERVPRO and design); Registration No. 3,872,314 (SERVPRO and design); Registration No. 1,804,022 (SERVPRO and design); Registration No. 2,175,467 (SERVPRONET and design); and Registration No. 3,847,298 (green design only) (collectively, the "Servpro® Marks").

13. Servpro Franchisor, itself and via its predecessors, has, for more than fifty-five years, continuously and extensively used the name "SERVPRO®" in connection with the advertising, sale, and support of franchises that offer and perform, among other things, cleaning, damage restoration, deodorizing, and related services and products. The Servpro® Marks have become, through widespread use and favorable public acceptance and recognition, assets of substantial value as symbols of Servpro Franchisor and its affiliates, quality services and goods, and goodwill.

4

14.     The use of the Servpro® Marks has been widespread throughout the United States. The Servpro® Marks are prominently featured in promotional literature, signage, marketing materials, and other materials used by franchisees.  Some if not all of the Servpro® Marks are famous.

15.     Pursuant to franchise license agreements, certain persons and entities are licensed to offer these services and operate franchises under the SERVPRO® franchise system.  Pursuant to franchise license agreements, franchisees are granted limited rights to use the SERVPRO® Marks and related trade indicia (collectively, "Trade Indicia").

16.     Former Operator Burychka Enterprises entered into the following Franchise License Agreements[2], under which that Former Operator was granted a non-exclusive license and was authorized to conduct business under the following trade names:

a.     Franchise License Agreement accepted by Servpro Franchisor as of December 1, 2022, under which Burychka Enterprises was granted a non-exclusive license and authorized to conduct business under the name "Servpro® of Downtown Baton Rouge/Team Burychka."  A true and correct copy of this Franchise License Agreement is attached hereto as Exhibit A.    Among other provisions, this Franchise License Agreement contains a binding integration provision in Section 13.12;

b.     Franchise License Agreement accepted by Servpro Franchisor as of March 27, 2024, under which Burychka Enterprises was granted a non-exclusive license and authorized to conduct business under the name "Servpro® of Ascension Parish."  A true and correct copy of this Franchise License Agreement is attached hereto as Exhibit B.  Among other provisions, this Franchise License Agreement contains a binding integration provision in Section 13.12;

---

[2]  See footnote 1 above.

c.      Franchise License Agreement accepted by Servpro Franchisor as of July 16, 2024, under which Burychka Enterprises was granted a non-exclusive license and authorized to conduct business under the name "Servpro® of SERVPRO® of East Baton Rouge."  A true and correct copy of this Franchise License Agreement is attached hereto as <u>Exhibit C</u>.  Among other provisions, this Franchise License Agreement contains a binding integration provision in Section 13.12.

17.      Former Operator Burychka DRT entered into the following three Franchise License Agreements which were accepted by Servpro Franchisor, LLC as of February 14, 2023, under which that Former Operator was granted a non-exclusive license and was authorized to conduct business under the following trade names: "SERVPRO® of Biloxi and Ocean Springs;" "SERVPRO® of Pascagoula," and "SERVPRO® of Gulfport."  A true and correct copy of these Franchise License Agreements is attached hereto as <u>Exhibits D</u>, <u>E</u>, and <u>F</u>.    Among other provisions, these Franchise License Agreement contain a binding integration provision in Section 13.12.

18.      The franchise license agreements for these six franchises are referred to collectively hereinafter as "Franchise License Agreements."

19.      Guaranty Agreements were executed in connection with the obligations of the Former Operators, including both performance and payment, in connection with the Franchise License Agreements.  These include the following:

a.      Guaranty Agreement executed by Darren Burychka and Tiffinie Burychka, both individually and on behalf of any company or business in which either may have an ownership interest, now or in the future, and accepted by Servpro Franchisor on December

1, 2022.  A true and correct copy of this guaranty agreement is attached hereto as <u>Exhibit</u> <u>G</u>;

b.      Guaranty Agreement executed by Darren Burychka and Tiffinie Burychka, both individually and on behalf of any company or business in which either may have an ownership interest, now or in the future, and accepted by Servpro Franchisor on February 14, 2023.  A true and correct copy of this guaranty agreement is attached hereto as <u>Exhibit</u> <u>H</u>;

c.      Guaranty Agreement executed by Darren Burychka and Tiffinie Burychka, both individually and on behalf of any company or business in which either may have an ownership interest, now or in the future, and accepted by Servpro Franchisor on March 27, 2024.  A true and correct copy of this guaranty agreement is attached hereto as <u>Exhibit I</u>.

20.      Security Agreements were executed by Darren Burychka, both individually and on behalf of any company or business in which he may have an ownership interest, now or in the future.  The Security Agreements remain in full force and effect as of the date of the filing of this Complaint, and inure to the benefit of Servpro Franchisor.  These Security Agreements were dated November 29, 2022 and February 7, 2023.  The security agreements collectively are referred to as the "Security Agreements."  A true and correct copy of the Security Agreements are attached hereto as <u>Exhibits J</u> and <u>K</u>.

21.      Under the Security Agreements, the Former Operators and Darren Burychka granted a superior security interest in their personal and business assets (tangible and intangible) to secure full and prompt payment of any obligation owing, including all royalty fees, fixed fees, advertising fees and the like pursuant to any Servpro franchise license agreement, including the Franchise License Agreements which are at issue in this case.  The Former Operators and Darren

Burychka are prohibited from disposing of secured collateral except as expressly permitted under the Security Agreements. A violation of the Security Agreements requires that all outstanding sums due to the franchisor under any agreement are immediately due and payable.

22. Personal Responsibility Acknowledgements were executed by Darren Burychka, both individually and on behalf of any company or business in which he may have an ownership interest, now or in the future, and accepted by Servpro Franchisor on December 1, 2022, and February 14, 2023, respectively. A true and correct copy of these personal responsibility statements is attached hereto as Exhibits L and M.

23. Pursuant to the Franchise License Agreements, the Former Operators agreed to submit royalty reports and pay royalties and certain fixed fees to the franchisor on a monthly basis. The Former Operators also agreed to pay all amounts due and owing with respect to the franchise. Defendants Darren Burychka and Tiffinnie Burychka, as guarantors, are obligated to pay all royalties, fees and other amounts owed to Servpro Franchisor in connection with the three franchises. (Franchise License Agreements Sections 3.3, 3.5, 3.7, 4.2, 7.1 and 11.1).

24. Pursuant to the Franchise License Agreements, Servpro Franchisor granted the Former Operators a non-exclusive license to use, among other things, the Trade Indicia while the Franchise License Agreements were in effect.

25. In the latter part of 2025, Servpro Franchisor issued multiple notices of default to each of the franchises operated by the Former Operators.. These notices addressed the Former Operators' lapse of insurance as well as numerous delinquent payments. In addition, the Former Operators between September 2025 and January 2026 submitted numerous payments to the franchisor which were returned due to insufficient funds in the accounts to cover the payments. The Former Operators' conduct constitutes breaches of the Franchise License Agreements.

26. Servpro further alleges on information and belief that the Former Operators and/or Darren Burychka have engaged in conduct which violates Section 10.4(c) of the Franchise License Agreements. This conduct is described in the two Notices of Termination mentioned in Paragraph 27 below. Pursuant to the Franchise License Agreements and the Guaranty Agreements, the Former Operators and guarantor Darren Burychka agreed not to engage in any conduct which reflects materially and unfavorably upon the Operator "or the operation, reputation or goodwill of the Franchise, the [Servpro® franchise] System, the Marks, or the goodwill associated therewith, or FRANCHISOR's interest therein;" (caps in original).

27. The Franchise License Agreements in Section 10.4 provide grounds for the termination of the franchises without an opportunity to cure. On January 29, 2026, Servpro Franchisor gave the Former Operators Notices of Termination of the six franchises. A true and correct copy of these termination notices is attached as Exhibits N and O. The Notices of Termination were sent by electronic mail as well as by FedEx Overnight.

28. The Franchise License Agreements were terminated on January 29, 2026. As an accommodation to the Former Operators and the Guarantors, Servpro Franchisor offered to reinstate the six Franchise License Agreements for the sole purpose of allowing the Former Operators to sell the licenses to qualified buyers. Servpro Franchise gave a deadline for acceptance of this offer of February 2, 2026. Darren Burychka requested an extension of this deadline to discuss with counsel, and Servpro Franchisor agreed to extend the offer's expiration date to February 9, 2026. Counsel for Darren Burychka and the Former Operators, Mark Ladd, requested an additional extension for the expiration of this reinstatement offer to February 16, 2026, which Servpro Franchisor agreed to extend.

29.     The Former Operators and Darren Burychka did not accept Servpro Franchisor's reinstatement offer on or before February 16, 2026, the date upon which that offer expired.  Instead, their counsel made a demand for negotiations and mediation, which he contended was appropriate under Section 12 of the Franchise License Agreements.

30.     The six Franchise License Agreements were all terminated as of January 29, 2026.  It is Servpro's position that, as a result, the mediation provision in Section 12 is no longer applicable.  Further, Paragraph 12 of the Franchise License Agreements provides in some instances for mediation of disputes before either side initiates litigation; however, this provision does not apply to Disputed Claims Subject to Court Action in Section 14.13 of the Franchise License Agreements.  This action involves disputes which are expressly covered in Section 14.13 of the Franchise License Agreements, including where the franchisor seeks injunctive relief, ownership of intellectual property, and payment of sums certain owed pursuant to contract.  Even if Defendants sought to apply Paragraph 12, their sole remedy would be to seek a sixty (60) day abatement of this proceeding through an appropriate motion.

31.     Among other obligations to Servpro Franchisor of the Former Operators, and thereby the Guarantors, was the obligation to make available business records to the Franchisor.  Servpro Franchisor has conducted a partial audit of the business records made available by Former Operators which covers only a portion of the life of the franchises.  The audit of the six franchises covered the period from January 2022 through August 2025 ("Audit Period").

32.     During this audit, Servpro Franchisor determined that the Former Operators had not reported all receipts, thereby underpaying royalties.  During the audit, Servpro Franchisor also determined that the Former Operators over the Audit Period had taken volume discounts that were not allowed and had received convention allowances to which they were not entitled.

33.     Servpro Franchisor's audit findings were emailed to Burychka Enterprises and Burychka DRT on February 10, 2026.  A true and copy of the Audit Letters is attached hereto as Exhibit P and Q hereto (collectively, "Audit Letters").  The Audit Letters include summary sections for (i) franchise sales receipts not reported by the Former Operators, (ii) convention allowances and royalty volume discounts, and (iii) over-reported sales.  Servpro Franchisor in its audit findings offered to reduce the reimbursement amount of convention allowances and royalty volume discounts if Burychka Enterprises and Burychka DRT timely paid the audit finding; otherwise, Servpro Franchisor would require payment for the full amount of all convention allowances and royalty volume discounts claimed and received for the audit period.  These material financial allowances on the overall amount owed by Defendants were premised on conditions stated in the Audit Letters.  Servpro Franchisor's audit findings also reflect royalty credits applied toward the audit findings based upon over-reported sales due to reporting customer invoices twice.

34.     Defendants owe Servpro Franchisor for accounts, unpaid balances and audit findings.  As a result of termination, payments due on current amounts and unpaid balances were accelerated and due immediately.  The Former Operators' failure to make required payments is a breach of Sections 3 and 7.1 of the Franchise License Agreements.  That breach is also a default under the Guaranty Agreements.

35.     As stated above, Servpro Franchisor sent the Notices of Termination on January 29, 2026.  The Franchise License Agreements were terminated effective immediately.  *See* Exhibits N and O.  As of the filing of this Complaint, the Former Operators, and therefore also the Guarantors, have failed to comply with certain of the post-termination obligations under the Franchise License Agreements.  These obligations include but are not limited to Section 6.5 (Confidential Information; Trade Secrets and Know-How), Section 6.6 (In-Term and Post-Term Covenants) and

Section 11 (Operator's Obligations Upon Termination, Expiration or Non-Renewal; Franchisor's Option to Purchase). Defendants' violations of their post-termination obligations are additional breaches.

36.    The Franchise License Agreements and Guaranty Agreements require that, in the event of a breach, Servpro Franchisor shall be entitled to reasonable fees (including attorneys' fees), costs, and expenses incurred in enforcing the provisions of the agreements or securing damages for their breach.

37.    Pursuant to the Franchise License Agreements, the Former Operators agreed not to divulge or use any of the confidential information, knowledge, know-how, or trade secrets concerning the Servpro System or franchising, or to use such confidential information, knowledge, know-how, or trade secrets after termination of the Franchise License Agreements. (Franchise License Agreements Section 6.5).

38.    Pursuant to the Franchise License Agreements, the Former Operators agreed not to engage in or have any interest in any other business that performs any of the services or work performed or conducted by Servpro Franchisor or its franchisees anywhere during the term of the agreements except where authorized. Pursuant to the Franchise License Agreements, the Former Operators agreed that after termination, they must abide by this non-competition covenant for a continuous, uninterrupted two (2) year period (i) anywhere in the former operating territory; (ii) within a twenty-five (25) mile radius from the exterior boundaries of the former operating territory; and (iii) within a twenty-five (25) mile radius from any location -- whether within or outside the former operating territory – where the Former Operator produced or performed a large loss, storm or catastrophic event job generating in excess of $50,000 in Gross Volume. The non-competition term

is extended by the period of Defendants' non-compliance. (Franchise License Agreements Section 6.6).

39.     Pursuant to the Franchise License Agreements and Guaranty Agreements, the Defendants acknowledged that, upon termination of the Franchise License Agreements, the Former Operator would immediately and completely discontinue use of the Trade Indicia (defined on page one of each of the Franchise License Agreements). (Franchise License Agreements Sections 6.1 and 11.1).

40.     The Franchise License Agreements provide that, upon termination, the Former Operators are required to take certain actions and to cease taking certain other actions. Among other things, the Former Operator is required to (a) permanently discontinue all advertising, marketing, and promotions as a Servpro franchise and any other use of the Trade Indicia; (b) return to Servpro Franchisor all manuals and other materials provided in connection with the franchise; and (c) pay to Servpro Franchisor all amounts due and owing.

41.     Under the Franchise License Agreements and Guaranty Agreements, Defendants agreed that any damages to Servpro Franchisor caused by the continued use of the Trade Indicia or by violation of the non-competition covenant would be irreparable and that Servpro Franchisor would be entitled to injunctive relief.

42.     Pursuant to Section 3 of the Franchise License Agreements, Former Operators agreed to submit royalty reports and make monthly payments of royalties, fees and other payments to Servpro Franchisor. Former Operators breached this provision.

43.     Pursuant to Section 4 of the Franchise License Agreement, Former Operators agreed to certain accounting, recordkeeping, and audit obligations. Former Operators breached these provisions.

44. Former Operators failed to make timely payments to Servpro Franchisor when due. Servpro Franchisor has given Former Operators notices of breaches. Former Operators have failed to cure the breaches.

45. By failing to ensure that the Former Operators timely performed and continued to perform their obligations under the Franchise License Agreement, including but not limited to all post-termination obligations, the individual Defendants have breached the Guaranty Agreements.

46. The Franchise License Agreements and Guaranty Agreements have been breached in numerous respects, including but not limited to the following:

    a. Defendants have failed to pay all royalties and other amounts owed under the terms of the Franchise License Agreements and Guaranty Agreements, to provide a complete accounting, or to pay all amounts required to be paid under the terminated Franchise License Agreements post-termination;

    b. Defendants have failed to return all materials provided in connection with the former franchises;

    c. Defendants have failed to transfer to Servpro Franchisor or its designee any and all telephone numbers listed with Servpro Franchisor as being associated with the former Servpro® franchise businesses, including the following:

| | |
|---|---|
| SERVPRO of East Baton Rouge | 225-753-3434 |
| SERVPRO of Ascension Parish | 225-663-8877 |
| SERVPRO of Biloxi and Ocean Springs | 228-396-3965 |
| SERVPRO of Pascagoula | 228-475-3473 |
| SERVPRO of Gulfport | 228-868-2232 |
| SERVPRO of Downtown Baton Rouge/Team Burychka | 225-256-7677; |

d.      Defendants have failed to remove signage or de-identify vehicles and equipment in the franchisor's trademarked color and bearing Servpro Industries' Trade Indicia; and

f.      Defendants have filed to deidentify and/or transfer Google accounts and social media accounts.

In addition, the audit findings are due.

47.     On information and belief, after termination of the three franchises, Defendants have not ceased operations or otherwise comply with their post-termination obligations.  Instead, on information and belief, they continue to operate as "Servpro"-branded businesses from the same locations.  (*See* Franchise License Agreements Section 6.6).

48.     The unlicensed uses of Servpro Franchisor's marks infringe upon the goodwill and consumer recognition that Servpro Franchisor and its affiliates have built up in the Servpro® Marks and Trade Indicia.  One purpose of this lawsuit is to obtain a declaration of the Plaintiff's rights and to prevent and enjoin further infringements and breaches.

49.     Servpro asserts that the actions in contravention of the Franchise License Agreements are willful and deliberate.

50.     As a result of the breaches of the Franchise License Agreements and Guaranty Agreements, and violations of federal, state and common law, Servpro Franchisor is suffering, and will continue to suffer, immediate and irreparable harm.  Servpro Franchisor has no adequate remedy at law.

## COUNT ONE -- TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND DILUTION

51.     Plaintiff incorporates herein by this reference the allegations contained in the foregoing paragraphs.

52.     The continued actions described above regarding usage of Plaintiff's Marks and Trade Indicia infringe upon the goodwill and consumer recognition that Plaintiff and its affiliates have built up in the Servpro® Marks.

53.     The uses in commerce by the Defendants, or any person or entity acting in concert with either one of them, are likely to cause mistake or to deceive the consuming public and the trade as to the source or origin of the services and goods offered by Defendants and infringes upon Plaintiff's rights. Defendants are not authorized to promote their actions as licensed, franchises, sponsored, authorized, "formerly Servpro," or otherwise approved by Plaintiff after the date of termination. Such unauthorized uses infringe Plaintiff's rights under federal trademark statutes, 15 U.S.C. §§ 1114 and 1125(a) & (c), and state law.

54.     The continuing unauthorized and unlicensed uses by any of the Defendants of the Servpro® Marks tarnishes and blurs the distinctive quality of the famous and unique Servpro® Marks.

55.     As a result of the aforesaid acts by any of the Defendants, Plaintiff has suffered and continues to suffer damages and irreparable injury. Plaintiff has no adequate remedy at law and, unless the allegedly infringing Defendants are restrained and enjoined by this Court, said acts will be continued. Plaintiff cannot ascertain the total amount of its damages at this time.

## COUNT TWO -- COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

56.     Plaintiff incorporates herein by this reference the allegations contained in the foregoing paragraphs One through 50.

57.     Upon information and belief, the infringements complained of herein constitute common law trademark infringement and unfair competition in violation of the laws of the State of Tennessee (which govern the parties' relationship).

58.     As a result of the aforesaid acts, Plaintiff has suffered and continues to suffer damages and irreparable injury.  Plaintiff has no adequate remedy at law and, unless the infringing allegedly Defendants are restrained and enjoined by this Court, said acts will be continued.  Plaintiff cannot ascertain the total amount of its damages at this time.

## COUNT THREE: BREACHES OF CONTRACT (FRANCHISE LICENSE AGREEMENTS AND GUARANTY AGREEMENTS)

59.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs One through 50.

60.     The conduct described in this Complaint constitutes material breaches of the contractual provisions of the Franchise License Agreements cited herein, including the post-termination obligations.

61.     These breaches constitute good cause for terminating the Franchise License Agreements.

62.     The Former Operators are liable for the breaches of the Franchise License Agreements, including all damages and post-judgment remedies.  The individual Defendants are liable under the Guaranty Agreements.

63.     As a direct and proximate result of these actions, Servpro Franchisor has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

64.     Servpro Franchisor requests a judgment against Defendants for all amounts owing under the Franchise License Agreement, together with pre-judgment interest and/or time-price differential charges, post-judgment interest, costs and all fees through collection of the entire amount owed.  The judgment should be joint and several.

## COUNT FOUR: ACCOUNTING AND AUDIT -- DAMAGES AND INJUNCTIVE RELIEF

65.     Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs One through 50.

66.     Servpro Franchisor is entitled to an Order under the Franchise License Agreements compelling the Former Operators' and Guarantors' cooperation in connection with the completion of the audit process, including re-submission of non-compliant monthly reports identified in the Audit Letters and to accurate payments after the Audit Period which ended in August 2025.

67.     Servpro Franchisor also is entitled, pursuant to Section 6.6 of the Franchise License Agreements, to recover all fees enumerated in Sections 3.3, 3.4, and 3.5 on the Gross Volume from all work performed in contravention of this Section 6.6 and to an Order compelling compliance with Article 4 of the Franchise License Agreements.  As a result, Servpro Franchisor is entitled to an Order compelling the Former Operators and Guarantors, and any entity operating in coordination or concert with them, to produce records so this amount can be ascertained.  Servpro Franchisor also is entitled to recovery of volume discounts improperly taken by Former Operator as well as convention allowances improperly received.

68.     Servpro Franchisor requests a judgment against Defendants for all amounts found to be owing based upon the completed audit process, together with pre-judgment interest and/or time-price differential charges, post-judgment interest, costs and all fees through collection of the entire amount owed.  The judgment should be joint and several.

## COUNT FIVE:  INJUNCTIVE RELIEF BASED UPON POST-TERMINATION BREACHES INCLUDING THE NON-COMPETITION PROVISIONS

69.     Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs One through 50.

70.     The Franchise License Agreements, including the noncompetition covenant and other post-termination obligations, are binding and enforceable agreements between Servpro Franchisor and the Former Operators.   The individual Defendants personally guaranteed compliance with the obligations contained in the Franchise License Agreements.

71.     Enforcement of the Franchise License Agreements is reasonably necessary to protect Servpro Franchisor's legitimate business interests and is reasonable in all respects to accomplish that purpose.

72.     Defendants' operation of any competitive business after the termination date constitutes a breach of the Franchise License Agreements.

73.      Servpro Franchisor is entitled to an injunction compelling compliance with the noncompetition provisions contained in the Franchise License Agreements.

74.     Servpro Franchisor is entitled to an injunction compelling the Defendants to return all manuals, software and other materials provided in connection with the former franchises.

75.     Servpro Franchisor is entitled to an injunction requiring the Defendants to transfer to Servpro Franchisor or its designee all telephone numbers listed with Servpro Franchisor as being associated with the former Servpro® franchise businesses and/or which have been used pre- or post-termination using any of the Servpro® Marks or in connection with the former franchise businesses and to execute any and all paperwork requested by the telephone provider necessary to accomplish the transfers of such numbers, including those stated in Paragraph 46 above.

76.     The public interest will be furthered by enforcing the Defendants' agreements.

77.     As a result of the above-mentioned acts by Defendants, Servpro Franchisor has suffered and continues to suffer damages and irreparable injury.   Servpro Franchisor has no adequate remedy at law and, unless Defendants are restrained and enjoined by this Court, said acts

will be continued.  Servpro Franchisor cannot ascertain the total amount of its damages at this time.

## COUNT SIX: SPECIFIC PERFORMANCE

78.     Plaintiff re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs One through 50.

79.     Servpro Franchisor is entitled to entry of judgment against the Defendants for specific performance of their obligations under all agreements.

## COUNT SEVEN: DECLARATORY JUDGMENT AND ADDITIONAL INJUNCTIVE RELIEF

80.     Plaintiff re-alleges and incorporates by reference the allegations contained in the forgoing paragraphs One through 50.

81.     This Count is for a declaration under the federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.  A genuine dispute exists between the parties.  This Court has the power to declare the respective rights, duties and obligations of the parties.

82.     Based upon the foregoing, Plaintiff alleges that it is entitled to a declaratory judgment:

a.      that Tennessee law governs the relationship between the parties;

b.      that the Franchise License Agreements have been terminated;

c.      that the business relationship between the Parties has been terminated;

d.      that Defendants are indebted to the Plaintiff, jointly and severally;

e.      that Plaintiff is entitled to the enforcement of the post-termination provisions in the Franchise License Agreements;

f.      that Defendants may not litigate any claims or defenses outside of Tennessee;

g.      that the mediation provision is Section 12 of the Franchise License Agreements is not enforceable after the termination of the Franchise License Agreements on January 29, 2026, and in any event is not a prerequisite to the filing of this action;

h.      that Plaintiff has no liability to any of the Defendants; and

i.      that Defendants are obligated to provide an accounting to the Plaintiff and submit the business to the completion of an audit.

83.    In the event that Defendants act in contravention to the jurisdiction of this Court over them, then Plaintiff shall be entitled to injunctive relief enforcing the contractual forum selection provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Servpro Franchisor prays for a judgment granting the following relief:

1.    That the Court find that it has subject matter jurisdiction over this action, that it has personal jurisdiction as to each of the Defendants, and that Tennessee law governs the relationship between the Parties.

2.    That the Court issue a declaratory judgment for the relief requested in Count Eight, and issue a substantive judgment against the Defendants, jointly and severally.

3.    A judgment against the Defendants, jointly and severally, for all damages sustained by Servpro Franchisor, including but not limited to unpaid royalties and fees, lost sales, and any damages (including but not limited to any available liquidated damages and/or disgorgement and an accounting) under the Franchise License Agreements, the Guaranty Agreements, and under federal and/or common law.

4. A judgment against the Defendants, jointly and severally, for all late charges, costs, attorney's fees, pre- and post- judgment interest as allowed by the Franchise License Agreements and Guaranty Agreements, with the application for attorney's fees to be made within twenty-five (25) business days after the date of entry of the initial judgment in Servpro Franchisor's favor unless the application is stayed by order of the Court.

5. An order requiring Defendants, jointly and severally, to account to Servpro Franchisor for all underreported royalties, including, without limitation, royalties due on sales/receipts of the former franchises; for all volume discounts improperly taken and any convention allowances improperly received; any disgorgement which may be available; and requiring Defendants to cooperate with Servpro Franchisor in making available any and all information and records necessary to complete an audit of their records relating to revenues from the former franchises and from any post-termination business.

6. That the Court enter a preliminary and permanent injunction prohibiting the Defendants and their respective agents, servants, and employees, and those persons in active concert or participation with them, whether alone or in any combination, from owning, maintaining, operating, engaging, or participating in, either directly or indirectly, either as an individual, officer, employee, investor, or any other capacity, a business that performs any of the services or business performed or conducted by Servpro Franchisor or its franchisees; or which provides cleaning, deodorization, fire, water, flood, and other damage restoration or related services; or which is otherwise competitive with the business of Servpro Franchisor or other Servpro franchises (i) within the former operating territories of the former franchise business, (ii) within a radius of twenty-five (25) miles from the border of the operating territory, or (iii) within a twenty-five (25) mile radius from any location -- whether within or outside the former operating territory – where the Former Operators

produced or performed a large loss, storm or catastrophic event job generating in excess of $50,000 in Gross Volume, for a period of two (2) years beginning from the date of the Defendants' compliance with the Court's order.

7.    That the Court enter a preliminary and permanent injunction prohibiting the Defendants and their respective agents, servants, and employees, and those persons in active concert or participation with them, whether alone or in any combination, from using any of the Plaintiff's trademarks, service marks, or Trade Indicia, or from otherwise engaging in unfair competition or false advertising, assessing such damages in a separate accounting procedure, and then trebling those damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. Section 1117.

8.    A preliminary and permanent injunction requiring the Defendants:

a.    To immediately return to Servpro Franchisor all manuals, software, and other materials provided in connection with the franchise;

b.    To transfer all telephone numbers to Servpro Franchisor (or its designees) which have been used pre- and post-termination using any of the Servpro® Marks or in connection with the former franchise business and to execute any and all paperwork requested by the telephone provider necessary to accomplish the transfers of such numbers, including but not limited to the following: 225-753-3434; 225-663-8877; 228-396-3965; 228-475-3473; 228-868-2232; and 225-256-7677;

c.    To permanently discontinue all the operation of any and all digital platforms and accounts that display the SERVPRO® of [franchise name], including, without limitation: Google® accounts, such as Google Business Profile and Google Maps listing, Facebook®, LinkedIn®, YouTube® and any other social media platforms currently being used by the

former franchises including, without limitation, Twitter®, Instagram®, TikTok®, and any others pursuant to the Franchise License Agreements.

d. To cease causing likelihood of confusion or injury to the business reputation of Servpro Industries or its affiliates or to the reputation of any SERVPRO® franchisee; representing or holding themselves to be current or former franchisees of or associated with Servpro Franchisor or any SERVPRO® franchisee, or passing off any of their services as those of Servpro Franchisor or any SERVPRO® franchisee; or causing likelihood of confusion or of misunderstanding as to the source or sponsorship of their services, or causing likelihood of confusion or of misunderstanding as to their affiliation, connection or association with Servpro Franchisor Industries or any SERVPRO® franchisee;

e. To cooperate in connection with their audit obligations.

9. That the Court enter an order directing Defendants to file with the Court, and to serve on Servpro Franchisor within fourteen (14) days after entry of any Court order, a written report, under oath, setting forth the manner in which they have complied with the Court's injunctions and orders for specific performance.

10. A declaration that (a) the actions alleged above violate the federal trademark statutes, 15 U.S.C. §§ 1114 and 1125(a) & (c), common law prohibiting trademark infringement and unfair competition, the Franchise License Agreements and the Guaranty Agreements, (b) that the Franchise License Agreements were terminated, (c) that Tennessee law governs the relationship between the parties, (d) that the noncompetition provision is enforceable and is being violated by Defendants, (e) that Defendants may not litigate any claims or defenses in any forum other than this one, (f) that the mediation provision in Section 12 of the Franchise License Agreements is not enforceable under the circumstances presented, (g) that Plaintiff has no liability to Defendants, and no liability for any other

relief threatened by Defendants, and (h) that Defendants are obligated to provide an accounting to the Plaintiff and submit the former franchise and the competing business to audits.

11.     The taxing of all court costs and other costs of this action against the Defendants, jointly and severally.

12.     Award Plaintiff its costs and attorney's fees incurred in connection with this action, pursuant to the Franchise License Agreements and the Guaranty Agreements, and Section 35 of the Lanham Act, 15 U.S.C. Section 1117, including the costs incurred in conducting any and all necessary inspections and post-judgment discovery and collection.

13.     Such other relief as the Court deems appropriate, both in the nature of equitable and legal relief, and including without limitation injunctive and declaratory relief, as may be just.

Respectfully submitted,

s/Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 11519)
Todd R. Hambidge (Tenn. BPR No. 028671)
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
robb.harvey@hklaw.com
todd.hambidge@hklaw.com

*Counsel for Plaintiff Servpro Franchisor, LLC*

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS ACTION.**